DLD-241                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2581
_____

JAY L. THOMAS,
Appellant

v.

ADVANCE HOUSING, INC.;
JOHN DOES 1-10;
XYZ CORP. 1-10
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-11-cv-01426)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 21, 2011

Before:  FISHER, BARRY and VAN ANTWERPEN, Circuit Judges.

(Filed: July 29, 2011)
_____

OPINION
_____

PER CURIAM

Jay L. Thomas appeals pro se from an order denying his request to file an

amended complaint.  Appellee, Advance Housing Inc., has requested summary dismissal

of the appeal. For the reasons that follow, we will deny appellee's request, and vacate and remand to the District Court for further proceedings.

Thomas filed a complaint against Advance Housing Inc., John Does 1-10, and XYZ Corp. 1-10,[1] alleging claims of gross negligence, breach of contract, and violations of the New Jersey Law Against Discrimination. Advance Housing Inc. filed a motion to dismiss, which was granted. The District Court concluded that it lacked subject matter jurisdiction. Thomas then filed a motion for an extension of time to file an amended complaint, motion to amend complaint, and a proposed amended complaint, which the District Court denied. Thomas appeals and requests appointment of counsel.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and review the District Court's denial of Thomas' motion to file an amended complaint for abuse of discretion. See Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000). Leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15. Before it dismisses a case for lack of subject matter jurisdiction, the district court must allow plaintiff a chance to amend his complaint, unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

The District Court properly denied Thomas' original complaint for lack of subject matter jurisdiction because it failed to raise a federal question and the parties lacked diversity of citizenship. In denying Thomas' motion to amend his complaint, the District

_____

[1] Thomas' complaint states that John Does 1-10 and XYZ Company 1-10 were agents, servants, or employees of Advance Housing Inc.

2

Court failed to offer any explanation.[2]  Advance Housing Inc. argues that granting leave to amend would have been futile because Thomas' proposed amended complaint failed to establish subject matter jurisdiction.  We disagree.

In his proposed amended complaint, Thomas raised an additional claim, that Advance Housing Inc. violated Title VI of the Civil Rights Act.[3]  He asserts in his proposed amended complaint that "[o]n or about March 24, 2008, defendant Advance Housing maliciously [sic] and with intent denied plaintiff services due to his race" and that "[a]t all times relevant[,] defendant Advance Housing denied services based upon plaintiff[']s race."  A federal court has subject matter jurisdiction over civil actions arising under "the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Thomas' proposed amended complaint cured the jurisdictional defect in his original

---

[2] Even if a district court does not explain its decision, it is not an abuse of discretion to deny a motion to amend "as long as the court's rationale is readily apparent from the record on appeal."  Lake v. Arnold, 232 F.3d 360, 374 (3d Cir. 2000).

[3] Under Title VI of the Civil Rights Act, "[n]o person . . . shall, on the ground of race, color, or national origin, . . . be subjected to discrimination under any program . . . receiving Federal financial assistance."  42 U.S.C. § 2000d.

complaint. Therefore, the District Court erred in dismissing his motion to amend his complaint to state a basis for federal jurisdiction.[4]

Accordingly, we will vacate the District Court's order and will remand for further proceedings consistent with this opinion. We deny Advance Housing Inc.'s request for summary dismissal and deny Thomas' motion for appointment of counsel.[5] See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

---

[4] Additionally, the District Court did not analyze the allegations in Thomas' original or proposed amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Regardless, even if Thomas' proposed amended complaint does not allege all that is necessary to state a claim for relief, he would be given another opportunity to amend his complaint. "[I]f a complaint is vulnerable to [Rule] 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008) (citing Grayson, 293 F.3d at 108).

[5] Thomas' "motion to leave to permit amendment of subject matter jurisdiction" appears to restate his request in his notice of appeal and motion for appointment of counsel. Therefore, this motion is dismissed as moot.